MAY, J.
A prospective sub-subtenant (Merle Wood & Associates, Inc.) appeals an order *943 dismissing its claim for declaratory and supplemental injunctive relief against In-tervest-Quay Limited Partnership and Eckerd Corporation with prejudice. It argues that the declaratory judgment act is broad enough to encompass its claim against the landlord and tenant under a master lease. We disagree and affirm the order dismissing the claims.
Intervest leased property to Eckerd under a Master Lease. The master lease required the consent of Intervest, which could not be “unreasonably withheld,” for any sublease or assignment. Eckerd sublet the property to Coldwell Banker. The sublease similarly required the written consent of Eckerd prior to any sublease or assignment.
Coldwell Banker entered into a proposed sub-sublease with Merle Wood, which was. conditioned upon the consent of both Intervest and Eckerd. Intervest advised Coldwell that it refused consent to the sub-sublease based “upon the prior history of MWA [Merle Wood] with this property.” Eckerd then refused consent. In a letter to Merle Wood, Intervest’s counsel indicated that investigation of Merle Wood had revealed a lease dispute with the prior owner and a substantial amount of other litigation, which accounted for its refusal to consent to the sub-sublease.
Merle Wood filed suit against Eckerd, Intervest, and Coldwell Banker. In count I, it sought a declaration of its rights under the master lease, sublease, and the proposed sub-sublease, claiming that In-tervest and Eckérd had unreasonably withheld their consent and requested supplemental injunctive relief to require Eck-erd and Intervest to consent to the sub-sublease.
Intervest and Eckerd moved to dismiss the complaint on several grounds, one of which was that Merle Wood lacked standing to assert rights that Coldwell might have had under the sublease against Inter-vest and Eckerd. The trial court entered a final order dismissing the action with prejudice aá it ’related to Intervest and Eckerd. There is no explanátion of the grounds upon which the dismissal is based.
The Declaratory Judgment Act provides:
Any person claiming to be interested or who may be in doubt about his or her rights under a ... contract, or other article, memorandum, or instrument in writing or whose rights, status, or other equitable or legal relations are affected by a ... contract ... or other article, memorandum, or instrument in writing may have determined any question of construction or validity arising under such ... contract ... or other article, memorandum, or instrument in'writing, or any part thereof, and obtain a declaration of rights, status, or other equitable or legal relations thereunder.
§ 86.021, Fla. Stat. (2008).
We are aware of the broad interpretation to be given this Act. Olive v. Maas, 811 So.2d 644 (Fla.2002). We also recognize the recent pronouncement that contractual privity is not a prerequisite to reliance upon its provisions. Id. at 649-50. Unlike Olive, who sued the party with whom he was about to enter a contract, Merle Wood seeks to sue parties with whom he will never be in contractual privity under this sub-sublease. We decline to stretch the reach of this Act to these facts.
This case involves a “proposed” sub-sublease between Merle Wood and Cold-well Banker. Merle Wood lacked contractual privity with Coldwell Banker’s landlord, Eckerd. It was even further removed from any contractual privity with Eckerd’s landlord, Intervest. ' The Declaratory Judgment Act while broad in scope *944 was never intended to span the contractual void that exists' among Merle Wood, Eckerd, and Intervest.[1]
We hold that Merle Wood lacked standing to sue Eckerd and Intervest. This holding eliminates the need to address the other issues raised. The trial court properly dismissed the complaint with prejudice. We affirm.
STONE and POLEN, JJ., concur.

. We note that Merle Wood's claim against Coldwell Banker remains pending. Merle Wood alleges that Coldwell Banker failed to use "zeal” in obtaining consent from Eckerd. Coldwell Banker has contractual privity with Eckerd. It may choose to implead Eckerd concerning the reasonableness of withholding consent to the proposed sub-sublease.